**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DANELLE LOCKLEAR** ) | **Case Number** |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **vs.** ) | **CIVIL COMPLAINT** |
| ) | |
| **NCO FINANCIAL SYSTEMS, INC.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **&** ) | |
| **GE CAPITAL RETAIL BANK** ) | |
| ) | |
| **Defendants** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Danelle Locklear, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

## I.     INTRODUCTORY STATEMENT

1.     Plaintiff, Danelle Locklear, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant, NCO, for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and against both Defendants for violations of the North Carolina Debt Collection Act (NCDCA) and the North Carolina Consumer Economic Protection Act (NCCEPA) and Breach of Contract.

## II.      <u>JURISDICTION</u>

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Defendant transacts business in this District and maintains a principal place of business is in this District.

## III.      <u>PARTIES</u>

4.      Plaintiff, Danelle Locklear, (hereafter, Plaintiff) is an adult natural person residing in Pembroke, North Carolina.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, NCO Financial Systems, Inc. (hereafter, Defendant, NCO), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of North Carolina with a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6.      Defendant, GE Capital Retail Bank (hereafter, Defendant, GE Capital), at all times relevant hereto, is and was a banking corporation providing financing solutions to consumers through Home Improvement, Electronics, Automotive, Healthcare, and Sporting Goods providers within but not limited to the States of North Carolina and Georgia with a primary location at 4125 Windward Plaza Drive, Building 300, Alpharetta, GA 30005.

7.      Defendant, NCO, is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

8.      On or about December 10, 2012, Plaintiff along with assistance from her debt settlement company entered into a settlement arrangement with the Defendant on a debt allegedly owed to Defendant, GE Capital.

9.      Plaintiff is said to have owed a balance of approximately $3,603.55.

10.     Plaintiff was offered the opportunity to settle the account for the lesser amount of $1,802.00 by Defendant, NCO's, agent, "Tywanna Neal".

11.     Plaintiff agreed to make seven (7) monthly payments beginning on or before January 25, 2013 and ending on or before July 25, 2013.

12.     On or about January 10, 2013, Plaintiff issued the first monthly payment in the amount of $42.00 as agreed to by Defendant, NCO.

13.     On or about January 15, 2013, Defendant, NCO, accepted and deposited this payment.

14.     Defendant, NCO, did not return this payment.

15.     On or about February 8, 2013, Plaintiff issued the second payment in the amount of $233.00 as agreed.

16.     Defendant, NCO, did not process this payment.

17.     On or about March 13, 2013, Defendant, NCO, returned the above referenced second payment along with notice stating they were unable to process this payment due to the fact that Defendant, GE Capital, had removed the account from them.

18.     Plaintiff was advised to send any future payments directly to Defendant, GE Capital.

19.     Defendant, NCO, did not mention the settlement arrangement that the Plaintiff was already paying on or if it would be honored.

20.     At that time, a representative from the Plaintiff's debt settlement company contacted Defendant, GE Capital, who stated that they would not honor any arrangements that had been made with Defendant, NCO.

21.     Defendant, GE Capital, went on to state that the Plaintiff would be required to pay the full balance their records showed of $3,516.65.

22.     Defendant, GE Capital, then offered the Plaintiff the opportunity to settle the account again, with them directly in the amount of $2,316.00.

23.     The above amount is $514.00 more than the original settlement arrangement that had been agreed upon and breached by the Defendants at no fault of the Plaintiff.

24.     Defendant, GE Capital, also insisted that the above settlement would only be accepted if it was made in one lump payment.

25.     If the Plaintiff was unable to make one lump payment, and pay monthly the full balance would have to be paid.

26.     Defendants, NCO and GE Capital, promised the Plaintiff the opportunity to participate in an agreed upon settlement.  Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.  The Defendants did not abide by the terms of this agreement.

27.    The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

28.    Defendant, NCO, knew or should have known that their actions violated the FDCPA.  Additionally, Defendant, NCO, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

29.    At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants herein.

30.    At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

31.    As a result of Defendants conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff reputation, invasion of privacy, damage to Plaintiff credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

### *Plaintiff v. NCO*

32.    The above paragraphs are hereby incorporated herein by reference.

33.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

34.     The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect an alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, NCO Financial Systems, Inc. for the following:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.     Reasonable attorney's fees and litigation expenses, plus costs of suit;

d.     Such addition and further relief as may be appropriate or that the interests of justice require.

d.      Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT

*Plaintiff v. NCO and GE Capital*

35.      Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as fully rewritten here.

36.      In their attempt to collect the aforementioned alleged debt, Defendants violated the NCDCA in one or more of the following ways, § 75-52. Harassment:

a.      Using false, deceptive or misleading representations or means in connection with the collection of the alleged debt, in violation of the N.C. Gen. Stat. §75-54 and

b.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with NCDCA

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

a.      Actual damages;

b.      Statutory damages pursuant to N.C. Gen. Stat. §75-56(b):

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III

## VIOLATION OF THE NORTH CAROLINA CONSUMER ECONOMIC

## PREOTECTION ACT (NCCEPA)

### *Plaintiff v. NCO and GE Capital*

37.     Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as fully rewritten here.

38.     In its attempt to collect the aforementioned alleged debt, Defendants violated the NCCEPA in one or more of the following ways:

a.     Falsely representing the character, extent, or amount of a debt in violation of N.C. Gen. St. §58-70-110(4);

b.     Using false, deceptive or misleading representations or means in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. §58-70-110; and

c.     By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCCEPA.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

a.     All actual compensatory damages suffered;

b.     Statutory damages of $4,000 of each violation of the NCCEPA;

c.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

d.     Any other relief deemed appropriate by this honorable court

## COUNT IV -BREACH OF CONTRACT

### *Plaintiff v. NCO and GE Capital*

39.     The above paragraphs are hereby incorporated herein by reference.

40.     The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, NCO and GE Capital, promised to the Plaintiff the opportunity to participate in an agreed upon settlement.  Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

41.     Plaintiff fulfilled her contractual obligation by making payment timely.

42.     Defendants, NCO and GE Capital, failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, NCO and GE Capital, for the following:

a.     Actual damages;

b.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c.     Such additional and further relief as may be appropriate or that the interests of justice require.

## V.   <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.


**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: April 26, 2013**

**BY:   <u>*/s/Brent F. Vullings bfv8435*</u>**
   Brent F. Vullings, Esq.
   Vullings Law Group, LLC
   3953 Ridge Pike
   Suite 102
   Collegeville, PA 19426
   (P): 610-489-6060
   (F): 610-489-1997
   Attorney for Plaintiff